**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ESTÉE LAUDER COSMETICS LTD. and MAKE-UP ART COSMETICS INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br><br> Defendants. | Case No. 19-cv-07878 |

**COMPLAINT**

Plaintiffs Estée Lauder Cosmetics Ltd. and Make-Up Art Cosmetics Inc. (together, "Estée Lauder" or "Plaintiffs") hereby bring the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and allege as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly

targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under at least the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products using infringing and counterfeit versions of Estée Lauder's MAC trademarks. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products using infringing and counterfeit versions of Estée Lauder's federally registered trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Estée Lauder substantial injury in the State of Illinois.

## II. INTRODUCTION

3. This action has been filed by Estée Lauder to combat Internet Store operators who trade upon Estée Lauder's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed products, including cosmetics and related beauty products, using infringing and counterfeit versions of Estée Lauder's federally registered MAC trademarks (the "Counterfeit MAC Products"). Defendants create the Defendant Internet Stores by the hundreds and design them to appear to be selling genuine MAC products, while actually selling Counterfeit MAC Products to unknowing consumers. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the Counterfeit MAC Products offered for sale, establishing a logical relationship between them and suggesting that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions

or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation. Estée Lauder is forced to file these actions to combat Defendants' counterfeiting of its registered MAC trademarks, as well as to protect unknowing consumers from purchasing Counterfeit MAC Products over the Internet. Estée Lauder has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

### III. THE PARTIES

**Plaintiffs**

4. Plaintiffs are properly joined in this one action because Plaintiffs assert rights to relief with respect to or arising out of the same series of transactions, and questions of law and fact common to all Plaintiffs will arise in this action.

5. Plaintiff Estée Lauder Cosmetics Ltd. is a corporation duly organized and existing under the laws of Canada and is an indirect wholly-owned subsidiary of The Estée Lauder Companies Inc., which has its principal place of business at 767 Fifth Avenue, New York, New York 10153. Estée Lauder Cosmetics Ltd. owns all rights in and to the M•A•C trademarks in the United States.

6. Plaintiff Make-Up Art Cosmetics Inc. ("MACI") is a corporation duly organized and existing under the laws of the State of Delaware and is a wholly-owned subsidiary of The Estée Lauder Companies Inc., which has its principal place of business at 767 Fifth Avenue, New York, New York 10153. Make-Up Art Cosmetics Inc. has an exclusive license from Estée Lauder Cosmetics Ltd. to use the M•A•C trademarks in the United States in connection with various cosmetics and related beauty products.

7. Since its founding, Estée Lauder has grown into a worldwide leader in high-quality innovative cosmetics and related beauty products that owns various subsidiaries and brands including, but not limited to, ESTÉE LAUDER, M•A•C, CLINIQUE, BOBBI BROWN, AVEDA and others.

8. Estée Lauder has been using its MAC trademarks to market and sell cosmetics and related beauty products for many years. With MAC brand annual net sales in the hundreds of millions of dollars in the U.S. and global sales exceeding one billion dollars, the MAC trademarks are some of the most famous and widely-recognized marks in the U.S.

9. Estée Lauder is an internationally recognized manufacturer, distributor and retailer of cosmetics, skincare products, and other related beauty products, all of which prominently display its famous, internationally recognized and federally registered trademarks, including the MAC trademarks (collectively, the "MAC Products"). MAC Products have become enormously popular and even iconic, driven by Estée Lauder's arduous quality standards and innovative design. Among the purchasing public, genuine MAC Products are instantly recognizable as such. In the United States and around the world, the MAC brand has come to symbolize high quality, and MAC Products are among the most recognizable cosmetics and related beauty products in the world.

10. MAC Products are distributed and sold to consumers through MAC free-standing stores, authorized retailers throughout the United States, such as Saks Fifth Avenue, Bloomingdale's and Nordstrom, and online at maccosmetics.com. A MAC free-standing store is located at 540 N. Michigan Avenue in Chicago's exclusive Magnificent Mile shopping district.

11. Estée Lauder incorporates a variety of distinctive marks in the design of its various MAC Products. As a result of its longstanding use, Estée Lauder owns common law

trademark rights in its MAC trademarks. Estée Lauder has also registered its trademarks with the United States Patent and Trademark Office. MAC Products typically include at least one of Estée Lauder's registered MAC trademarks. Estée Lauder uses its MAC trademarks in connection with the marketing of its MAC Products, including the following marks which are collectively referred to as the "MAC Trademarks."

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 3,023,827 | MAC | For: cosmetic products including lipsticks, lip gloss, lip liners, lip balms, eye shadows, eye lining pencils, liquid eye liners, eye makeup, mascara, eyebrow pencils, artificial eyelashes, blushers, bronzers, multi-use cosmetic sticks, foundation makeup, pressed powder, loose powder, makeup remover, concealers, eye palettes, lip palettes, make-up kits, multi-use colored creams, powders and gels for use on face; nail polish, nail enamel, nail polish remover; non-medicated skin care products, namely cleansers, exfoliators, toners, eye creams, cleansing wipes, moisturizing spritzers, tinted moisturizers; fragrances for personal use in class 003.<br><br>For: consultation services in the selection and use of cosmetics, toiletries and beauty treatment in class 044. |
| 3,237,448 | MAC | For: carry-all bags; clutch bags; cosmetic bags sold empty; roll bags; travelling bags; waist bags in class 018.<br><br>For: cosmetic brushes in class 021. |
| 1,642,532 | M·A·C (logo) | For: cosmetics, namely, eye shadow, eye make-up remover, eye liner, foundation make-up, face powder, lipstick, lip gloss, lip shiner, mascara, nail polish, eyebrow pencil, rouge, face shimmers, body lotions, moisture lotion, moisture tonics, skin cleaner, dusting powder, facial moisturizers in class 003. |

5

| | | |
|---|---|---|
| | | For: cosmetic pencil sharpeners in class 016. For: cosmetic cases sold empty, cosmetic brushes, dusters for applying make-up, lip brushes, and cosmetic sponges in class 021. |
| 4,184,695 | M·A·C | For: carry-all bags, cosmetic bags sold empty, shoulder bags, tote bags, clutch bags and travel bags in class 018. |
| 3,347,789 | M·A·C PREP + PRIME | For: non-medicated skincare preparations in class 003. |
| 2,207,315 | STUDIO FIX | For: cosmetics, namely, make-up foundation in class 003. |
| 2,369,642 | VIVA GLAM | For: lipstick in class 003. |
| 3,469,550 | TECHNAKOHL LINER | For: cosmetics in class 003. |
| 3,516,371 | MINERALIZE | For: cosmetics in class 003. |
| 3,561,063 | FLUIDLINE | For: cosmetics in class 003. |
| 3,599,599 | DAZZLEGLASS | For: cosmetics in class 003. |
| 3,636,203 | CREMESHEEN | For: cosmetics in class 003. |
| 3,901,933 | MAC HAUTE & NAUGHTY LASH | For: cosmetics in class 003. |
| 4,022,031 | MAKE-UP ART COSMETICS | For: cosmetics in class 003. |
| 4,372,062 | VELUXE | For: cosmetics in class 003. |
| 4,645,887 | PATENTPOLISH | For: cosmetics in class 003. |
| 5,131,032 | RETRO MATTE | For: cosmetics in class 003. |

12.     The above U.S. registrations for the MAC Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.  The MAC Trademarks have been used exclusively and continuously by Estée Lauder for many years and

6

have never been abandoned. The registrations for the MAC Trademarks constitute *prima facie* evidence of their validity and of Estée Lauder's exclusive right to use the MAC Trademarks pursuant to 15 U.S.C. § 1057(b). True and correct copies of the United States Registration Certificates for the above-listed MAC Trademarks are attached hereto as **Exhibit 1**.

13. The MAC Trademarks are exclusive to Estée Lauder and are displayed extensively on MAC Products and in Estée Lauder's marketing and promotional materials. MAC Products have long been among the most popular and recognizable cosmetics, skincare products, and other related beauty products in the world, and have been extensively promoted and advertised at great expense. In fact, Estée Lauder has expended millions of dollars annually in promoting and marketing featuring the MAC Trademarks. MAC Products have also been the subject of extensive unsolicited publicity resulting from their exceptional quality and design. For example, the popularity of the MAC brand has grown significantly through a tradition of word-of-mouth endorsements from makeup artists, models, photographers and journalists around the world. Likewise, the MAC brand has been widely publicized through collaborations with well-known fashion designers such as Alexander McQueen, Proenza Schouler, and Emanuel Ungaro; performing artists such as Lady Gaga, Rihanna, Miley Cyrus, Ellie Goulding, Fergie, Cindy Lauper, Ricky Martin, and Nicki Minaj; and the owners of popular fiction characters such as Cinderella, Barbie, Wonder Woman, Hello Kitty, and villains from animated Disney films. The MAC brand has also been publicized through participation in special events such as The Emmy Awards Ceremony, the Sundance Film Festival, and The Grammy Awards Ceremony. Because of these and other factors, the MAC Trademarks are famous throughout the United States.

14. The MAC Trademarks are distinctive when applied to the MAC Products, signifying to the purchaser that the products come from Estée Lauder and are manufactured to

Estée Lauder's quality standards. Estée Lauder maintains safety and quality control standards for all of its MAC Products, and all MAC Products are subject to these strict guidelines by Estée Lauder prior to distribution and sale. The MAC Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the MAC Trademarks is of incalculable and inestimable value to Estée Lauder.

15. Since at least as early as 2000, Estée Lauder has operated a website where it promotes and sells genuine MAC Products at maccosmetics.com. Sales of MAC Products via the maccosmetics.com website represent a significant portion of Estée Lauder's business. The maccosmetics.com website features proprietary content, images and designs exclusive to Estée Lauder. The MAC brand is also popular on social media platforms with over 19,000,000 Facebook likes, over 1,570,000 followers on Twitter, and more than 23,200,000 followers on Instagram.

16. Estée Lauder has expended substantial time, money, and other resources in developing, advertising and otherwise promoting and protecting the MAC Trademarks. As a result, products bearing the MAC Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Estée Lauder. The MAC brand is a billion dollar operation, and MAC Products have become among the most popular of their kind in the world. The widespread fame, outstanding reputation, and significant goodwill associated with the MAC brand have made the MAC Trademarks invaluable assets of Estée Lauder.

**The Defendants**

17. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, and on information and belief, has sold and continues to sell Counterfeit MAC Products to consumers within the United States, including the State of Illinois.

18. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using infringing and counterfeit versions of the MAC Trademarks in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Estée Lauder to learn Defendants' true identities and the exact interworking of their counterfeit network. In the event that Defendants provide additional credible information regarding their identities, Estée Lauder will take appropriate steps to amend the Complaint.

IV. **DEFENDANTS' UNLAWFUL CONDUCT**

19. The success of the MAC brand has resulted in its significant counterfeiting. Consequently, Estée Lauder has a worldwide anti-counterfeiting program and regularly investigates suspicious online marketplace listings identified in proactive Internet sweeps and reported by consumers. In recent years, Estée Lauder has identified hundreds of online

marketplace listings on platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate, including the Defendant Internet Stores, which were offering for sale and selling Counterfeit MAC Products to consumers in this Judicial District and throughout the United States. Estée Lauder also records its trademarks with U.S. Customs authorities and conducts raids with the assistance of law enforcement personnel. Despite Estée Lauder's enforcement efforts, Defendants have persisted in creating the Defendant Internet Stores. E-commerce sales, including through Internet stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States. **Exhibit 2**, Excerpts from Fiscal Year 2018 U.S. Customs and Border Protection ("CBP") Intellectual Property Seizure Statistics Report. Over 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large shipping containers). *Id*. Over 85% of CBP seizures originated from mainland China and Hong Kong. *Id*. Counterfeit and pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

20. Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, Western Union and/or PayPal. The Defendant Internet Stores often include content and design elements that make it very difficult for consumers to distinguish such stores from an authorized retailer. Many Defendants further perpetuate the illusion of legitimacy by offering customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the Visa®, MasterCard®, and/or PayPal® logos. Estée Lauder has not licensed or authorized Defendants to use any of the

MAC Trademarks, and none of the Defendants are authorized retailers of genuine MAC Products.

21. Many Defendants also deceive unknowing consumers by using the MAC Trademarks without authorization within the content, text, and/or meta tags of their online marketplace listings in order to attract consumers searching for MAC Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine MAC Products. Other Defendants only show the MAC Trademarks in product images, while using strategic item titles and descriptions that will trigger their listings when consumers are searching for MAC Products.

22. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

23. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, Counterfeit MAC Products for sale in the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit MAC Products were manufactured by and come from a common source and that Defendants are interrelated. The Defendant Internet

Stores also include other notable common features, including accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, and the use of the same text and images.

24. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

25. Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Estée Lauder's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court.

26. Defendants, without any authorization or license from Estée Lauder, have knowingly and willfully used and continue to use the MAC Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit MAC Products into the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the

United States, including Illinois, and, on information and belief, each Defendant has sold Counterfeit MAC Products into the United States, including Illinois.

27. Defendants' unauthorized use of the MAC Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit MAC Products, including the sale of Counterfeit MAC Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Estée Lauder.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

28. Estée Lauder hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 27.

29. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered MAC Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The MAC Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from MAC Products offered, sold or marketed under the MAC Trademarks.

30. Defendants have sold, offered to sell, marketed, distributed and advertised, and are still selling, offering to sell, marketing, distributing and advertising products using counterfeit reproductions of the MAC Trademarks without Estée Lauder's permission.

31. Estée Lauder is the exclusive owner of the MAC Trademarks in the United States. Estée Lauder's United States Registrations for the MAC Trademarks (Exhibit 1) are in full force and effect. Upon information and belief, Defendants have knowledge of Estée Lauder's rights in the MAC Trademarks, and are willfully infringing and intentionally using

counterfeits of the MAC Trademarks. Defendants' willful, intentional and unauthorized use of the MAC Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit MAC Products among the general public.

32. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

33. Estée Lauder has no adequate remedy at law, and if Defendants' actions are not enjoined, Estée Lauder will continue to suffer irreparable harm to its reputation and the goodwill of its well-known MAC Trademarks.

34. The injuries and damages sustained by Estée Lauder have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit MAC Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

35. Estée Lauder hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 34.

36. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit MAC Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Estée Lauder or the origin, sponsorship, or approval of Defendants' Counterfeit MAC Products by Estée Lauder.

37. By using the MAC Trademarks on the Counterfeit MAC Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit MAC Products.

38. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit MAC Products to the general public involves the use

of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

39. Estée Lauder has no adequate remedy at law and, if Defendants' actions are not enjoined, Estée Lauder will continue to suffer irreparable harm to its reputation and the goodwill of its MAC brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, *et seq.*)

40. Estée Lauder hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 39.

41. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Counterfeit MAC Products as those of Estée Lauder; causing a likelihood of confusion and/or misunderstanding as to the source of their goods; causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine MAC Products; representing that their Counterfeit MAC Products have Estée Lauder's approval when they do not; and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

42. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

43. Estée Lauder has no adequate remedy at law, and Defendants' conduct has caused Estée Lauder to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Estée Lauder will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Estée Lauder prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the MAC Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine MAC Product or is not authorized by Estée Lauder to be sold in connection with the MAC Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine MAC Product or any other product produced by Estée Lauder, that is not Estée Lauder's or not produced under the authorization, control, or supervision of Estée Lauder and approved by Estée Lauder for sale under the MAC Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit MAC Products are those sold under the authorization, control or supervision of Estée Lauder, or are sponsored by, approved by, or otherwise connected with Estée Lauder;

   d. further infringing the MAC Trademarks and damaging Estée Lauder's goodwill; and

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Estée Lauder, nor authorized by Estée Lauder to be sold or offered for sale, and which bear any of Estée Lauder's

      trademarks, including the MAC Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

2) Entry of an Order that, upon Estée Lauder's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers") shall:

    a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the MAC Trademarks;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the MAC Trademarks; and

    c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3) That Defendants account for and pay to Estée Lauder all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the MAC Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Estée Lauder be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the MAC Trademarks;

5) That Estée Lauder be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Dated this 2nd day of December 2019.	Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Counsel for Plaintiffs Estée Lauder Cosmetics Ltd. and Make-Up Art Cosmetics, Inc.*