# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ESTÉE LAUDER COSMETICS LTD. and
MAKE-UP ART COSMETICS INC.,

    Plaintiffs,

v.

OPERATORS OF CHINESE QUALITY STORE, et al.,

    Defendants.

Case No. 19-cv-07878

**Judge Edmond E. Chang**

**Magistrate Judge Sunil R. Harjani**

## PLAINTIFFS' SECOND SUPPLEMENT TO
## MEMORANDUM ESTABLISHING THAT JOINDER IS PROPER

Plaintiffs Estée Lauder Cosmetics Ltd. and Make-Up Art Cosmetics Inc. (together, "Estée Lauder" or "Plaintiffs") submit the following, further supplement to their brief establishing that joinder is proper [21] and supplement to that brief [26], and in further support of their Motion for a Temporary Restraining Order [12].

**I.    Additional Court In This District Has Found Joinder Proper**

Since Plaintiffs filed their brief [21] and supplement [26], a Court in this District has found that joinder of defendants in factually similar cases is proper. Specifically, after requesting briefing on the issue of joinder, Judge Lefkow recently found that joinder was proper in *Too Faced Cosmetics, LLC v. Operators of KTKT Store, et al.*, No. 19-cv-07762 (N.D. Ill. Nov. 25, 2019) (see docket entries 22, 27, 30) and *Gold's Gym Licensing LLC v. Operators of dropshipping fast ship Store, et al.*, No. 19-cv-07446 (N.D. Ill. Nov. 11, 2019) (see docket entries 32, 38, 43).

**II.    Fed. R. Civ. P. 20 Authorizes Joinder of Defendants**

At the December 13, 2019 hearing on Plaintiffs' Motion [12], this Court expressed concerns that Plaintiffs were asking the Court to "break a rule." *See* [29] at 12:2-5. ("I don't like

1

the idea of breaking a rule because of the interests at stake which I recognize, it's an enormous problem, enormous. But just breaking a rule is not the way to go forward doing this."). However, Plaintiffs' position comports with Fed. R. Civ. P. 20. Specifically, "same transaction, occurrence, or series of transactions or occurrences" has not been defined in Fed. R. Civ. P. 20, by the Supreme Court, or by the Seventh Circuit. In fact, courts have not provided a bright-line definition for this phrase so that it can continue to be flexible enough to allow effective trial management. *See In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012) (citing 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed. 2001)).

The leading case interpreting Fed. R. Civ. P. 20, *Mosely v. General Motors Corp.*, held that "all ***'logically related'*** events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terns as used in Rule 20 would permit **all reasonably related claims** for relief by or against different parties to be tried in a single proceeding." *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (citations omitted) (emphasis added); *see also*, *United States v. Mississippi*, 380 U.S. 128, 142 (1965) (joinder proper even though defendants were independent actors, because defendants' actions were part of same series of transactions or occurrences); *Civil Aeronautics Bd. v. Carefree Travel, Inc.*, 513 F.2d 375, 384 (2d Cir. 1975) (joinder proper when "operative facts are related even if the same transaction is not involved"); *City of New York v. Joseph L. Balkan, Inc.*, 656 F. Supp. 536, 549 (E.D.N.Y. 1987) (allowing joinder for a "series of occurrence of similar types and with similar purposes"). As such, joinder of the Seller Aliases in this case is permitted by Fed. R. Civ. P. 20 at the pleading stage, especially without adversarial presentation and the opportunity to take discovery.

II.  **Plaintiffs' Well-Pleaded Allegations Establish that Defendants Fit a Single Profile and that Joinder Is Proper**

As established in Plaintiffs' previous memorandums regarding joinder, Plaintiffs' well-pleaded allegations establish that joinder is proper because all of the Defendants fit into the following profile: (1) Defendants use non-descriptive Seller Aliases ([11] at ¶¶ 16, 17, 23, 24), (2) no information regarding Defendants' physical addresses is provided ([11] at ¶¶ 23, 24, 26), and (3) Defendants show evidence of market coordination, *i.e.*, using the same advertising and marketing strategies to target consumers while attempting to evade enforcement ([11] at ¶¶ 21, 22, 25, 27). This case is limited to only Defendants that fit this profile, which is illustrated by the graphic below:[1]



*Figure 1*

One example of market coordination by Defendants in this case is that none of the Defendants use MAC in the item title[2]. *See* Exhibit 3 to Declaration of Jessica Heiss [16]. **Exhibit**

---

[1] In this graphic, "Included Seller Aliases" is representative and the graphic does not include a dot for all 79 Seller Aliases in this case.

[2] To be clear, Plaintiffs' position is that each of the Seller Aliases shows some type of market coordination, but not necessarily the same type. In this case, there happens to be a common example for all Seller Aliases.

**1** attached hereto summarizes the item title used by each Seller Alias in the previously-filed Exhibit 3 [16]. This is a coordinated response to Plaintiffs' enforcement efforts. Strategic placement or concealing of MAC in product images is another example of a coordinated response to Plaintiffs' enforcement efforts. *See* Exhibit 3 to Declaration of Jessica Heiss [16].

At the pleading stage without adversarial presentation, Fed. R. Civ. P. 20 does not require that Plaintiffs link every Seller Alias with an arbitrary unique piece of information (especially given the limited amount of information available to Plaintiffs at the pre-filing stage). However, Plaintiff's counsel recently did this in another case, *Bose Corporation v. Operators of andwind, et al.*, No. 19-cv-07467 (N.D. Ill. Nov. 12, 2019), for the purpose of illustrating that the criteria being used for grouping Defendants into a single case is reliable. An example of such linking from the *Bose Corporation* case is illustrated in the graphic below. The arrows between the Included Seller Aliases represented links based on the following: identical store creation dates, identical reviews, shared PayPal account identifiers, identical shipping information sections, identical photos of the items, and identical item descriptions.



*Figure 2*

Such linking efforts are extremely cumbersome and time consuming and not required by Fed. R. Civ. P. 20 to join multiple Seller Aliases at the pleading stage, especially without adversarial presentation and the opportunity to take discovery. The higher-level criteria are sufficient to support joinder at the pleading stage, namely: (1) Defendants with non-descriptive Seller Aliases, (2) no information regarding Defendants' physical addresses is provided, and (3) Defendants show evidence of market coordination, *i.e.*, using the same advertising and marketing strategies to target consumers while attempting to evade enforcement.

For the reasons set forth in Plaintiffs' brief establishing that joinder is proper [21], the supplement to that brief [26], and this further supplement to that brief, joinder of Defendants is proper.

Dated this 7th day of January 2020.     Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Attorneys for Plaintiffs Estée Lauder Cosmetics Ltd. and Make-Up Art Cosmetics, Inc.*